UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GLEN R. JEFFERY, JR.,

                    Plaintiff,

v.                                                          Case No. 22-cv-123-pp

SCOTT SOBEK *et al.*,

                    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES (DKT. NO. 16)**

---

      The plaintiff, who is incarcerated at Columbia Correctional Institution and representing himself, filed this case alleging that the defendants violated his constitutional rights when he was confined at the Milwaukee County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendants used excessive force against him in violation of the Fourteenth Amendment. Dkt. No. 5 at 9. After the defendants answered the complaint, the plaintiff filed a motion to strike their defenses under Federal Rule of Civil Procedure 12(f). Dkt. No. 16. The court will deny the plaintiff's motion.

      The plaintiff contends that the court should strike all the defenses listed in the defendants' answer. Dkt. No. 16 at 1. He states that the defenses conflict with the allegations in his complaint, including the attachments to the complaint. Id. at 1-4. For example, the plaintiff states that the court should strike the defendants' affirmative defense that he failed to exhaust his

1

administrative remedies because he attached to his complaint proof of his attempts to exhaust his administrative remedies. Id. at 1-2. He also states that the court should strike the defendants' qualified immunity defense because it clearly was established that their conduct violated the Constitution. Id. The plaintiff contends that the defendants' defenses that they acted in good faith and for a legitimate penological purpose should be stricken because they conflict with the allegations in the complaint. Id.

The defendants responded to the plaintiff's motion, arguing that their defenses—such as qualified immunity and failure to mitigate damages as well as other affirmative defenses—are substantial legal and factual questions not suitable for determination prior to discovery, summary judgment or trial. Dkt. No. 20 at 2-3. The defendants point out that the plaintiff's contention that he attached to his complaint grievances that he filed does not determine the issue of exhaustion of administrative remedies and assert that it is too early to determine whether he appropriately exhausted administrative remedies. Id. at 3. The defendants state that as discovery progresses, they may abandon some affirmative defenses or be better able to articulate the contours of some affirmative defenses. Id. They also state that, for example, they concede that absolute immunity is not at issue in this case and withdraw that affirmative defense. Id. The plaintiff did not file a reply.

Rule 12(f) permits a court to strike from any pleading "an insufficient defense or any redundant, material, impertinent, or scandalous matter."

2

Case 2:22-cv-00123-PP    Filed 06/19/23    Page 2 of 4    Document 36

Although motions to strike an affirmative defense generally are disfavored, motions that seek to "remove unnecessary clutter from the case" may expedite, rather than delay, proceedings. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have discretion in ruling on motions to strike. See, e.g., Zuppardi v. Wal-Mart Stores, Inc., 770 F.3d 644, 647 (7th Cir. 2014) ("A district court's grant or denial of a motion to strike is reviewed for an abuse of discretion.").

Federal Rule of Civil Procedure 8(c) provides a non-exhaustive list of affirmative defenses and requires parties to "affirmatively state" all affirmative defenses in a responsive pleading. The Seventh Circuit has stated that "a defense not listed in Rule 8(c) is an affirmative defense that must be pleaded if the defendant bears the burden of proof on the issue under state law or if the defense does not controvert the plaintiff's proof." Reed v. Columbia St. Mary's Hosp., 915 F.3d 473, 478 (7th Cir. 2019). Because affirmative defenses are pleadings, they must comply with the general pleading requirement of Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the defense that gives the other party fair notice of the nature of the defense. Rule 8 further requires that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). Case law in this district makes clear that "bare bones conclusory allegations" do not suffice. See, *e.g.*, Heller, 883 F.3d at 1295 ("The remaining defenses are equally meritless. They are nothing but bare bones conclusory allegations.").

3

Case 2:22-cv-00123-PP   Filed 06/19/23   Page 3 of 4   Document 36

The plaintiff may disagree with the defendants' affirmative defenses, but the defenses are not redundant, immaterial, impertinent or scandalous. As employees or agents of the state, the defendants have the right to make a legal argument regarding whether they are entitled to qualified immunity. And they have the right to defend themselves against the plaintiff's allegations that they caused his injuries. The plaintiff may address the merits of the defenses through his response to any summary judgment motion, or at trial. The plaintiff has not argued that he will suffer prejudice if the defendants' defenses remain in the case (except for absolute immunity) nor does he argue that they are legally insufficient under Rule 12(f). The court will deny the plaintiff's motion to strike.

The court **DENIES** the plaintiff's motion to strike defendants' affirmative defenses. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**