UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLEN JEFFERY, JR.,

                               Plaintiff,

      v.                                     Case No. 22-cv-123-pp

SCOTT SOBEK, *et al.*,

                               Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DKT. NO. 33); GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER (DKT NO. 41); DENYING PLAINTIFF'S MOTION TO APPOINT OFFICER TO TAKE DEPOSITIONS (DKT. NO. 41); GRANTING DEFENDANTS' SECOND MOTION TO MODIFY SCHEDULING ORDER (DKT. NO. 44); DENYING PLAINTIFF'S MOTION TO QUASH (DKT. NO. 48); GRANTING PLAINTIFF'S REQUEST THAT DKT. NO. 46 BE SET ASIDE (DKT. NO. 49) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ORDER FOR SERVICE OF DOCUMENTS AT DKT. NO. 46; GRANTING PLAINTIFF'S MOTION TO WITHDRAW DKT. NO. 47 (DKT. NO. 51) AND WITHDRAWING PLAINTIFF'S MOTION TO STAY AT DKT. NO. 47**

The plaintiff, who is incarcerated at Wisconsin Secure Program Facility and is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was confined at the Milwaukee County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendants used excessive force against him in violation of the Fourteenth Amendment. Dkt. No. 5 at 9. This order addresses several pending motions.

## I.    Plaintiff's Motion for Protective Order (Dkt. No. 33)

The plaintiff has filed a motion for "HIPAA Qualified Protective Order" "premitting [sic] the use and disclosure of protected health information created or received by any covered entity that has provided healthcare to [the plaintiff]

For any purpose." Dkt. No. 33. The plaintiff attached to the motion a proposed order, which proposes that the court authorize "[t]he parties and their Attorneys" . . . "to receive, subpoena and transmit 'Protective Health Information' pretaining [sic] to plaintiff in the event and subject to the conditions outlined herein." Dkt. No. 1-1 at ¶2. The order proposes that the court allow the parties to use or disclose the plaintiff's protected health care information "for purposes of prosecuting or defending" the case, requires the parties to advise anyone to whom they disclose the information that it cannot be used for any purpose other than this litigation and requires that after the litigation is complete information be returned to the provider. Id. at ¶¶5-7. The plaintiff also filed three medical release authorizations that appear to be edited by, and signed by, him. Dkt. No. 33-2. The defendants did not respond to this motion.

It is common in civil litigation for parties to jointly ask the court to issue a "protective order," or a "confidentiality order," allowing the parties to exchange discovery information without having to worry that the information will be disclosed to the public or used for some purpose other than for litigation. It is so common for parties to ask for such orders that this court has a template for a proposed protective order at the end of its local rules. https://www.wied.uscourts.gov/local-rules-and-guidance-0. To obtain a protective order, the parties need only confer with each other and agree to ask the court to issue its standard protective order, and provide a proposed version of the template order that contains the appropriate case number, party names and other details. The parties have not stipulated to entry of such a protective order in this case.

2

If a party seeks discovery from the opposing party and the opposing party believes he should not be required to produce the discovery, or believes the discovery should be produced under particular circumstances, that party may file a motion for a different kind of protective order under Federal Rule of Civil Procedure. 26(c). That rule allows the party from whom discovery is being sought to ask the court to forbid production of the discovery, or set conditions on the production of the discovery, or limit the discovery. But before a party may file a Rule 26(c) motion for a protective order, that party first must try to confer[1] in good faith with the party seeking the discovery, to try to resolve the issue without involving the court. The rule says that a motion for a Rule 26(c) protective order must certify that the moving party has, in good faith, conferred or attempted to confer with affected parties to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1).

Finally, the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its regulations create a procedure for parties to a lawsuit to obtain authority to use protected health information in litigation, including requesting a qualified protective order. 45 C.F.R. §164.512(e); see also Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925-26 (7th Cir. 2004); United States v. Bek, 493 F.3d 790, 802 (7th Cir. 2007). A HIPAA qualified protective order limits the disclosure of protected medical information once that information has been produced in accordance with the Federal Rules of Civil Procedure. Reed v. Wexford Health Sources, Inc., No. 20-cv-01339-SPM, 2021 WL 5578076, at *3 (S.D. Ill. Oct. 19, 2021). Like this court's template confidentiality order, HIPAA allows parties to exchange private healthcare information for litigation

---

[1]A party may "confer" with the other side in compliance with this rule by meeting in person, speaking by telephone or video conference or corresponding by mail or email.

3

purposes while making sure, through the qualified protective order, that parties don't disclose that information to the public and to individuals other than those involved the lawsuit.

The court does not know whether the plaintiff asked the defendants if they would be willing to agree to asking the court to issue the court's standard confidentiality order. Nor has the plaintiff complied with Fed. R. Civ. P. 26(c)'s procedure for obtaining a protective order; his motion does not certify that he tried in good faith to reach a confidentiality agreement with the defendants before filing the motion. The court will deny the plaintiff's motion without prejudice, because he has other means available to him for making sure that the defendants do not misuse his private health information—he may ask the defendants if they are willing to agree to this court's standard protective order and, if that is not successful, he may file a Rule 26(c) motion and certify that he conferred in good faith with the defendants but was unable to obtain the protection he seeks. If those efforts are not successful, the plaintiff may re-file his motion for entry of a HIPAA qualified protective order, but if he does, he must demonstrate good cause for entry of the protective order and certify that he conferred with counsel for the defendants in good faith before filing the motion. See Fed. R. Civ. P. 26(c)(1).

## II. Plaintiff's Motion to Modify Scheduling Order and Defendants' Second Motion to Modify Scheduling Order (Dkt. Nos. 41, 44)

The plaintiff has filed a joint motion for modification of the scheduling order and motion to appoint officer to take depositions of the defendants. Dkt. No. 41. (The court will address in the next section of this order the motion to appoint an officer to take depositions). In his motion to modify the scheduling order, the plaintiff states that the court's May 8, 2023 order extended the discovery deadline only for the purpose of allowing the defendants to obtain

4

and review medical records to prepare for depositions; he says he was not given the opportunity to object to that motion before the court ruled on it and that it was a one-sided motion that gave the defendants an unfair advantage. Dkt. No. 41 at 1-2. The plaintiff states that he has tried to obtain copies of his healthcare records from the defendants, but that the defendants have denied the requests because the court extended the discovery deadline only to give "the defendants time to obtain plaintiff's medical records and perform depositions." Id. at 2. The plaintiff states that the court has given the defendants an unfair advantage and he requests that the court correct the scheduling order (Dkt. No. 32) to state that the extension of time to complete discovery extends to both parties. Id. He also states that the defendants should answer the discovery requests that he previously made. Id.

The defendants oppose the plaintiff's motion for extension of time. Dkt. No. 42 at 3. According to the defendants, they moved for amendment of the scheduling order on May 4, 2023, prior to the expiration of the discovery deadline, because of the plaintiff's refusal to provide them with medical authorizations, which delayed counsel's preparation to take his deposition. Id. The defendants recount that the court found good cause to extend the deadline for the sole purpose of allowing the defendants to obtain and review medical records to prepare for depositions of parties and witnesses and to take those depositions, the court did not reopen discovery in total and the plaintiff did not ask the court to do so before the original discovery deadline passed. Id. The defendants contend that the court should deny the plaintiff's motion to reopen discovery because he has failed to demonstrate "good cause" why he could not complete prior to the original discovery expiration date the discovery he now wishes to obtain. Id.

On August 3, 2023, the defendants filed a second motion to modify the scheduling order. Dkt. No. 44. They request a forty-five-day extension of time to depose parties (until October 2, 2023) because the plaintiff recently transferred to a new institution where security restrictions prevent them from conducting an in-person deposition. Id. at 2-3. The defendants seek a corresponding extension of time to file motions for summary judgment, until November 2, 2023. Id.

Contrary to the plaintiff's assertion, the court did not unintentionally give the defendants an advantage by giving them more time to conduct depositions, but not extending the deadline for the plaintiff to complete discovery. The court purposefully gave the defendants more time to obtain the plaintiff's medical records and conduct depositions based on their showing of good cause for an extension—the fact that the plaintiff had not signed the medical release forms so the defendants had not been able to review medical records they were entitled to obtain and review. Before the original discovery deadline passed, the plaintiff did not ask for an extension of time to complete discovery. The plaintiff now states that he has attempted to obtain copies of his health care records "that have since come into the possession of the Defendants" and that the defendants have denied his discovery requests because the discovery deadline has passed. Dkt. No. 41 at 2.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause requirement for modification of schedule is "a standard that 'primarily considers the diligence of the party seeking amendment.'" Jackson-El v. City of Markham, 332 F.R.D. 583, 584 (N.D. Ill. 2019) (quoting Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc., 831 F.3d 815, 832 (7th Cir. 2016)). Based on the ongoing discovery, in

6

consideration of the fact that the plaintiff is not represented by a lawyer and because the defendants also have filed a motion to amend the scheduling order, the court will give *both* parties more time to complete discovery and file motions for summary judgment; it will set the new deadlines at the end of this order.

The plaintiff asks the court order to order the defendants to answer discovery requests that he previously served. Dkt. No. 41 at 3. The court will not order the defendants to respond to the prior discovery requests. This order setting a new discovery deadline gives the plaintiff the opportunity to resubmit the discovery requests to defense counsel or request counsel to respond to previously submitted discovery requests. If the plaintiff re-submits his discovery demands, he must do so in time to give the defendants *at least* thirty days from the new discovery deadline by which to respond.

### III.    Plaintiff's Motion to Appoint Officer to Take Depositions (Dkt. No. 41)

The plaintiff states that he has attempted to take depositions of the defendants under Fed. R. Civ. P. 31 (Depositions by Written Question), but that he cannot afford to hire an officer authorized to administer oaths. Dkt. No. 41 at 4. He requests "some sort of county, state or federal funding to conduct at least one round of full depositions of the defendants. Id. In the alternative, he asks to be allowed to "secure a non party to video record the taking of the depositions as a lest [sic] cost effective way via Zoom conference" under Rules 28, 29, 30 and 31. Id. at 1.

Rule 28 describes the persons before whom depositions may be taken; it does not provide for non-party video recordings as a form of taking a deposition. Rule 29 governs stipulations about discovery procedures. Rule 30 governs depositions by oral examination. And Rule 31 governs depositions by

written questions. During a Rule 31(a) written-question deposition, the written questions are asked by the deposition officer and answered orally by the witness. The plaintiff has not explained why it is necessary to depose the defendants under Rule 31. He already has served the defendants with discovery requests and this order gives him more time to get the information he seeks. During discovery, the plaintiff has the opportunity to serve written questions ("interrogatories," under Rule 33) and to ask the defendants to admit certain facts ("requests for admission," under Rule 36). The plaintiff has not explained why he needs to conduct oral examinations when he has the opportunity to get information from the defendants through interrogatories, requests for admissions and requests for production of documents.

While the plaintiff may prefer to depose defendants by asking oral questions, or by having an officer ask written questions, the court is not obligated to subsidize the plaintiff's litigation by paying for an officer to take the defendants' depositions. See Soto v. White, No. 19-3135, 2022 WL 2115299, at *2 (7th Cir. June 13, 2022) (citing McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987) (holding that the district court had no statutory authority to waive witness fees for plaintiff proceeding *in forma pauperis*); Patten v. Schmidt, No. 07-C-0026, 2007 WL 3026622, at *6 (E.D. Wis. Oct. 16, 2007). The court will deny the plaintiff's motion to appoint officer to take depositions.

### IV. Plaintiff's Motion for Order for Service of Documents (Dkt. No. 46) and Plaintiff's Notice to the Court of his Receipt of Dkt. No. 42 and 43; and Plaintiffs Request that Dkt. No. 46 Be Set Aside As It Is Now Moot (Dkt. No. 49)

On August 7, 2023, the court received from the plaintiff a motion asking the court to order the defendants' attorney to properly serve the plaintiff with their second motion to modify the scheduling order (Dkt. No. 44) and brief in opposition to plaintiff's motion to modify scheduling order and appoint officer

8

for deposition (Dkt. No. 42). Dkt. No. 46. The plaintiff stated that defense counsel had e-filed court filings but did not serve them on the plaintiff. Id. The motion is dated August 1, 2023; the second paragraph of the motion indicated that that same day, the plaintiff was transferred from Columbia Correctional Institution to the Wisconsin Secure Program Facility. Id. at 1.

The defendants' brief in opposition includes a certificate of service that states that the documents were mailed to the plaintiff at Columbia Correctional Institution on July 26, 2023. Dkt. No. 43-1. The defendants' second motion to modify scheduling order includes a certificate of service that states that the documents were mailed to the plaintiff at Wisconsin Secure Program Facility on August 3, 2023 (two days after the plaintiff dated the motion requiring the court to order service). Dkt. No. 45-1. The court will deny the plaintiff's motion for order for service of documents because the defendants have complied with filing requirements by filing certificates of service certifying that they served the documents by mail on the plaintiff, who is not participating in the court's electronic filing system. See Fed. R. Civ. P. 5(d)(1)(B).

On August 18, 2023, the court received from the plaintiff a motion (dated August 15, 2023) advising the court that he had received the documents referenced in his motion for order of service of documents and asking the court to "set aside" that motion. Dkt. No. 49. The court will grant that motion, dkt. no. 49, and will deny the motion for order of service of documents as moot, dkt. no. 46.

## V.    Plaintiff's Motion to Stay Proceedings (Dkt. No. 47) and Motion to Withdraw Dkt. No. 47 (Dkt. No. 51)

On August 8, 2023, the court received from the plaintiff a motion to stay proceedings until the discovery disputes between the parties have been resolved. Dkt. No. 47. The plaintiff also states that he has not been receiving

the defendants' filings and accuses the defendants of purposefully not serving him. This order resolves the pending motions and gives the parties more time to complete discovery. The record does not support the plaintiff's assertion that defense counsel has not served the plaintiff with filings, and the motion is dated August 7, 2023—only six days after the plaintiff was transferred to a new institution. It is likely that in the time since the court received this motion, the plaintiff has received the documents he claims the defendants were refusing to send to him.

On August 21, 2023, the plaintiff filed a motion to withdraw his motion to stay proceedings. Dkt. No. 51. He states that his motion to stay is now moot because counsel for the defendants has "declared that he is toing to turn over all plaintiff['s] medical records in his possession, custody or control. Id. at 1. The court will grant the plaintiff's motion to withdraw his motion to stay proceedings.

## VI. Plaintiff's Motion of Motion to Quash Defendants Motion to Modify the Scheduling Order, and Motion to Compel Defendants to Serve Plaintiff Dkt No's. 42 and No. 43: Respectfully (Dkt. No. 48)

On August 14, 2023, the court received from the plaintiff a motion disputing the defendants' assertion that his current institution's security precautions would interfere with the taking of a deposition. Dkt. No. 48 at 1. He asserts that he received no notice of a deposition. Id. at 1-2. He claims that the defendants waited until the last minute to conduct depositions. Id. at 3. And he requests, as he did in Dkt. No. 46, that the court compel the defendants to serve him with the documents at Dkt. Nos. 42 and 43. Id. at 3.

As discussed above, the plaintiff's motion to compel service is moot. The court now has ruled that it will extend time for both parties to conduct

discovery, so the court will deny the plaintiff's motion to quash the motion to modify the scheduling order.

## VII.  Final Matters

The court understands that it is very hard for an incarcerated person to participate in litigation. The plaintiff does not receive e-filed documents the day they are filed; he must wait to receive them in the mail. Mail into the Wisconsin Prison System often is slowed down by many factors—the amount of mail coming into the facility, staffing issues, transfers of incarcerated persons to other facilities, incarcerated persons being relocated to the RSU or to different housing. Here, the defendants filed some documents on July 26, 2023—mailing them to the plaintiff—and the plaintiff had not received those documents by August 1, 2023, when he was transferred to another facility. This delay of five days is not uncommon, or unreasonable. Yet the plaintiff filed *three* motions in between the time he was transferred to WSPF and the date on which he received the documents he was asking the court to order served on him. Defense counsel is aware that he is required to serve documents on the plaintiff; that requirement exists in every case defense counsel has in the Eastern District, and he has many. But he cannot control the mail or how long it takes that mail to get to the plaintiff. As hard as it is, the plaintiff needs to be patient.

## VIII.  Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for protective order. Dkt. No. 33.

The court **GRANTS** the plaintiff's motion to modify scheduling order. Dkt. No. 41.

11

The court **DENIES** the plaintiff's motion to appoint officer to take depositions of defendants. Dkt. No. 41.

The court **GRANTS** the defendants' second motion to modify scheduling order. Dkt. No. 44.

The court **DENIES** the plaintiff's motion to quash and motion to compel. Dkt. No. 48.

The court **GRANTS** the plaintiff's motion to set aside the motion at Dkt. No. 46. Dkt. No. 49. The court **DENIES AS MOOT** the plaintiff's motion for order for service of documents. Dkt. No. 46.

The court **GRANTS** the plaintiff's motion to withdraw Dkt. No. 47 and **ORDERS** that the plaintiff's motion to stay proceedings at Dkt. No. 47 is **WITHDRAWN**. Dkt. No. 51.

The court **ORDERS** that the new deadline for the completion of discovery is **November 2, 2023**; the new deadline for the parties to file motions for summary judgment is **December 4, 2023**.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**